**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BASKIN-ROBBINS FRANCHISING LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALAN A. CHUN,<br><br>Defendant. | Case No. 5:18-cv-05476-BLF<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>[Re: ECF 33] |

This case arises from allegations of breach of a franchise agreement, trademark infringement, and unfair competition. *See generally* Compl. ¶¶ 1, 36–58, ECF 1. Alan A. Chun ("Defendant") has failed to appear, and in July 2019 this Court granted in part and denied in part Baskin-Robbins and BP IP LLC's (collectively, "Plaintiffs") Motion for Default Judgment. *See* Mot. for Default J., ECF 19; Order Granting in Part and Denying in Part Pl.'s Mot. for Default J. ("Prior Order") 2–3, 16, ECF 29; Order Entering Permanent Inj. Against Def. Alan Chun ("Order Entering Inj."), ECF 30; Judgment, ECF 31. Now before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs ("Motion"). For the reasons stated below, Plaintiffs' Motion is GRANTED.

**I. BACKGROUND**

Baskin-Robbins Franchising LLC ("BR") grants franchises across the United States. Mot. 2; Compl. ¶¶ 2–3. In doing so, BR licenses its trademarks to franchisees so that they can operate under the Baskin-Robbins System.[1] Mot. 2; Compl. ¶¶ 2–3. In July 2017, Defendant

---

[1] Plaintiff BR IP LLC owns Baskin-Robbins' trademarks. Mot. 2; Compl ¶ 3.

entered into a franchise agreement (the "Agreement") with Plaintiffs. Mot. 2–3; Compl. ¶¶ 4, 18–20, Exh. 1. Under the Agreement, Defendant agreed to pay all damages, interests, costs, and expenses upon default. Mot. 3; Compl. ¶ 21, Exh. 1, at § 14.4.4. Eventually Defendant did default, and Plaintiffs commenced this action in September 2018. Mot. 3; Compl. ¶ 26.

On July 16, 2019, this Court granted in part and denied in part Plaintiffs' Motion for Default Judgment against Defendant and entered judgment in Plaintiffs' favor in the amount of $125,423.61. Prior Order; Order Entering Inj.; Judgment. Pursuant to 15 U.S.C. § 1117(a), the Court determined that an award of attorneys' fees and costs was warranted and instructed Plaintiffs to move for them separately. Prior Order 13–14.

Presently before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs, along with supporting documentation. Mot.; Affidavit of Barry G. Stratford in Support of Plaintiffs' Motion for Attorneys' Fees and Costs ("Stratford Decl."), ECF 34; Bill of Costs, ECF 35, 36. Plaintiffs seek a total of $34,478.25, which includes $33,620.00 in attorneys' fees and $858.25 in costs. Mot. 1. Because the Court already approved an award for fees and costs, the only issue is whether Plaintiffs' claimed amount is appropriate. *See* Prior Order 13–14.

## II. ATTORNEYS' FEES

In calculating awards for attorneys' fees, courts apply the "lodestar" method to the facts of each case. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The lodestar amount is presumptively reasonable. *See Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1161 (9th Cir. 2018). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). Once calculated, the lodestar amount may be further adjusted based on other factors not already subsumed in the initial lodestar calculation. *Morales*, 96 F.3d at 363–64, 363 nn.3–4 (identifying factors) (citing *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992)).

Here, Plaintiffs seek $33,620.00 for attorneys' fees. Mot. 1. Three attorneys worked for

2

Plaintiffs on this case: (1) Charles Vincent Maloney ("Maloney"), (2) Barry G. Stratford ("Stratford"), and (3) Catherine N. Grech ("Grech").[2] Stratford Decl. ¶¶ 7a–c.

Maloney is a partner with thirty (30) years' experience handling various complex commercial litigation matters. Stratford Decl. ¶ 7a. Although he typically bills at over $800 per hour, for this matter he discounted his rate to $475 per hour. Stratford Decl. ¶ 9. Maloney spent a total of 2 hours reviewing Stratford's and Grech's work. *See* Stratford Decl., Exh. A.

Stratford is a counsel with six (6) years' experience doing business litigation. Stratford Decl. ¶ 7b. He bills at over $600 per hour, but for this action he also cut his rate to $475 per hour. Stratford Decl. ¶ 9. Stratford worked 50.4 hours on this matter, spending most of his time drafting the Motion for Default Judgment and this Motion. *See* Stratford Decl., Exh. A.

Grech is an associate with five (5) years' experience, primarily doing employment law but also handling trademark infringement work. Stratford Decl. ¶ 7c. Her usual billing rate is upwards of $550 per hour, but for this matter she charged $375–$475 per hour. *See* Stratford Decl. ¶ 9, Exh. A. Grech worked 19.6 hours on the matter, spending most of her time preparing and filing the Complaint, conferring with Plaintiffs, and working on the Motion for Default Judgment. *See* Stratford Decl., Exh. A.

The attorneys' work is summarized in this chart:

| **Attorney** | **Title** | **Years** | **Rate** | **Hours** | **Amount** |
|---|---|---|---|---|---|
| Maloney | Partner | > 30 | $475 | 2 | $950 |
| Stratford | Counsel | ≈ 6 | $475 | 50.4 | $23,940 |
| Grech | Associate | ≈ 5 | $375–$475 | 19.6 | $8,730 |
| | | | **TOTAL** | **72 hours** | **$33,620** |

As explained below, this Court finds that both these hourly rates and number of hours expended are reasonable given similar work performed in the community, and therefore GRANTS Plaintiffs' Motion as to the attorneys' fees.

---

[2] It appears that either no paralegals worked on the case or Plaintiffs were not billed for paralegal work. *See generally* Stratford Decl., Exh. A.

**A. Reasonableness of Rates**

When determining an attorney's reasonable hourly rate, courts weigh the "experience, skill, and reputation of the attorney requesting fees," and compare the requested rates to prevailing market rates of the relevant community. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210–11 (9th Cir. 1986), *op. am. on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987); *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is typically the forum in which the district court sits. *Camacho*, 523 F.3d at 979. To determine the prevailing market rate, courts may rely on attorney affidavits as well as "decisions by other courts awarding similar rates for work in the same geographical area by attorneys with comparable levels of experience." *Trujillo v. Orozco*, No. 5:17-cv-00566-EJD, 2018 WL 1142311, at *2 (N.D. Cal. Mar. 2, 2018); *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Here, the relevant community is the Northern District of California. Plaintiffs submitted a detailed itemization of attorneys' fees and costs. *See generally* Stratford Decl. Both Maloney (partner with 30 years' experience) and Stratford (counsel with 6 years' experience) charged an hourly rate of $475. Stratford Decl. ¶¶ 7a-b, 9. Grech (associate with 5 years' experience) charged an hourly rate of $375–$475. Stratford Decl. ¶¶ 7c, 9, Exh. A. Plaintiffs assert that these hourly rates "are reasonable and comparable to the fees generally charged by attorneys with similar experience, ability, and reputation for work on similar matters." Stratford Decl. ¶ 8.

The Court agrees with Plaintiffs. In examining rates for similar work (business and commercial litigation) and experience (associates, counsels, and partners), courts in the Northern District have found rates in the same range as those charged by the attorneys here to be reasonable. *See, e.g.*, *Superior Consulting Servs., Inc. v. Steeves-Kiss*, No. 17-cv-06059-EMC, 2018 WL 2183295, at *5 (N.D. Cal. May 11, 2018) ("[D]istrict courts in Northern California have found that rates of $475–$975 per hour for partners and $300–$490 per hour for associates are reasonable."); *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923 WHA, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (finding reasonable rates for Bay Area attorneys of $475–$975 for partners and $300–$490 for associates); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (finding no abuse of discretion in awarding fees at a 2008 hourly rates of $875 for

4

1 a partner and $425 for a fifth-year associate).

Thus, the Court finds that the attorneys' rates here fall within the range determined to be reasonable given the prevailing market in the Northern District of California and the attorneys' skill and experience.

### B. Reasonableness of Hours

The Court next considers the reasonableness of the hours expended. A court cannot "uncritically" accept a plaintiff's representations; rather, it must assess the reasonableness of the hours requested. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984). In making this determination, the court can reduce hours when documentation is inadequate, or when the requested hours are redundant, excessive, or unnecessary. *Hensley*, 461 U.S. at 433–34. The moving party bears the burden of providing relevant documentation. *Id.* at 433. Upon examining the documentation, the court should then exclude from the initial lodestar calculation any hours that are not reasonably expended. *Id.* at 434.

Here, from August 25, 2018, through July 31, 2019, Plaintiffs' counsels expended 72 hours on this matter. *See* Mot. 7; Stratford Decl. ¶ 9, Exh. A, at 1, 7. They spent approximately 8 hours on the Complaint, 44 hours on the Motion for Default Judgment, 11 hours on this Motion, and 10 hours managing the case (*e.g.*, client conferencing, fact-finding, reviewing documents, and strategizing). *See* Stratford Decl., Exh. A. Seventy-two hours is within the range of what attorneys have spent in other similar default judgment cases. *See, e.g., Century 21 Real Estate, LLC v. Heritage Real Estate, Inc.*, No. C 06-7809 WDB, 2007 WL 2023552, at **1, 3, 7–8, 10 (N.D. Cal. July 6, 2007) (granting nearly all fees billed for 112.5 hours of work); *Craters & Freighters v. Daisychain Enterprises*, C-09-04531 CW (JCS), 2010 WL 11484728, at **1, 11–12 (N.D. Cal. Mar. 3, 2010) (granting fees for approximately 140 total hours billed in a case alleging copyright and trademark infringement and unfair business practices); *Century 21 Real Estate LLC v. RealtyComp.com*, No. C-14-4774 EMC, 2015 WL 1009660, at **1–3, 8 (N.D. Cal. Mar. 6, 2015) (finding that spending approximately 37.4 hours on a similar case was reasonable and necessary); *Coldwell Banker Real Estate, LLC v. DC Property & Loans, Inc.*, No. C 13-4732 SBA, ECF 21-1 (requesting fees for 43 hours of work over 6 months), *granted in* 2014 WL

1  5474584 (N.D. Cal. Oct. 27, 2014).

Furthermore, the briefs submitted were thorough and clear, explicating why Baskin-Robbins was entitled to relief for the five causes of action. *See generally* Compl.; Mot. for Default J.; Mot. The Complaint provided various exhibits supporting Plaintiffs' claims. *See generally* Compl. And the Motion for Default Judgment included several declarations as well as a Reply. *See generally* Decl. of Barry Stratford, ECF 20; Decl. of Gary Zullig, ECF 21; Decl. of Derick Smith, ECF 22; Reply, ECF 23. This Court finds that the kinds of tasks counsel performed were reasonably undertaken to secure Plaintiffs a $125,423,61 judgment in this case. *See* Judgment ¶ 4; *see also Heritage Real Estate, Inc.*, 2007 WL 2023552, at \*\*7–8 (finding that "preparing the complaint, preparing applications for writs of attachment, responding to filings by the individual defendants, obtaining default, drafting and filing the instant [default judgment] motion, and corresponding with clients, the court, and/or defendants," were "reasonably undertaken"); *Kerr*, 526 F.2d at 70 (considering the amount involved and results obtained when determining appropriate fee awards).

Additionally, the attorneys already "excluded a certain amount of time to eliminate any items that could be construed as duplicative or nonessential." Stratford Decl. ¶ 5. Upon reviewing the attorneys' fee report, their described work does not appear redundant, excessive, or unnecessary. *See generally* Stratford Decl., Exh. A; *see also Hensley*, 461 U.S. at 433–34. Thus, the Court finds no reason to further reduce the lodestar amount based on the hours expended on this matter.

In sum, the Court finds that the work was billed at a reasonable rate given prevailing market norms in the Northern District of California. And the hours spent on this case were reasonable in light of the work accomplished and the skill and expertise of the attorneys. Accordingly, the Court does not find it necessary or appropriate to adjust the lodestar amount. Thus, this Court GRANTS the Motion as to the attorneys' fees.

### III.  COSTS

Plaintiffs seek "limited costs incurred as a result of this litigation in the amount of $858.25." Mot. 1, 8. This Court previously determined that awarding reasonable costs is

warranted. *See* Prior Order 13–14. For this Motion, Plaintiffs provided a Bill of Costs and evidentiary documents such as receipts, invoices, and bank statements verifying charges for filing and service of process fees. *See generally* Bill of Costs. The following table reflects these costs:

| Attorney | Date | Cost |
|---|---|---|
| Filing & Docket Fees | 9/6/2018 | $400.00 |
| Service of Process Fees | 9/7/2018 | $145.05 |
|  | 9/10/2018 | $313.20 |
| **TOTAL** |  | **$858.25** |

Plaintiffs' requested costs are reasonable, especially in light of other similar cases. *See Craters & Freighters*, 2010 WL 11484728, at *12 (awarding $615.50 in costs for filing and service of process fees); *Heritage Real Estate, Inc.*, 2007 WL 2023552, at *10 (recommending $1,687.77 in costs for filing and service fees, photocopying, and a private investigator's fee). Thus, this Court GRANTS Plaintiffs' Motion for $858.25 as to the costs.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs shall recover attorneys' fees in the amount of $33,620.00 and costs in the amount of $858.25, for a total of $34,478.25.

Plaintiffs may submit a proposed amended judgment to reflect this award.

**IT IS SO ORDERED.**

Dated: October 17, 2019

_____
BETH LABSON FREEMAN
United States District Judge